UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATHAN WIRTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00118-JPH-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF TRANSPORTATION | ) | |
| Secretary, | ) | |
| FEDERAL AVIATION ADMINISTRATION | ) | |
| Administrator, | ) | |
| JOYE HOLMES Dr., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Nathan Wirtz has filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. [7]. For the reasons below, the motion for a temporary restraining order is **DENIED** and the motion for a preliminary injunction is taken under advisement.

Mr. Wirtz alleges that he is an airline captain who has held an unrestricted First Class Airman Medical Certificate for his entire career. Dkt. 7 at 2. In August 2019, he was given a September 16, 2019 deadline to provide voluminous documents because of his tardy reporting of a 2009 public intoxication conviction. *Id.* In December 2019, after several more rounds of providing documents in response to requests, Mr. Wirtz requested a sixty-day extension to provide additional documents. *Id.* at 2–3. Defendant Joye Holmes—a regional flight surgeon—denied the extension and ordered Mr. Wirtz

1

to surrender his medical certificate. *Id.* On January 27, 2020, Dr. Holmes threatened Mr. Wirtz with a daily fine of $1501.00. *Id.* at 4.

Federal Rule of Civil Procedure 65(b)(1) gives the "strict procedural requirements" for temporary restraining orders issued without notice:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). The purpose of a temporary restraining order issued without notice is to "preserve the status quo pending a hearing." *Id.* Such an order should be granted only in "extremely limited" circumstances because of the presumption in favor of court action only after "reasonable notice and an opportunity to be heard." *Id.* at 321–22.

Here, the certificate of service accompanying Mr. Wirtz's motion indicates that a copy of the motion was mailed to Defendants, but does not include the United States Attorney for the Southern District of Indiana. *See* Fed. R. Civ. P. 4(i); 65(b)(1)(B). Moreover, Mr. Wirtz's attorney has not certified any other efforts to give notice or explained why additional efforts should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B).

Mr. Wirtz's motion also does not include "an affidavit or a verified complaint," or other evidence in support of a temporary restraining order. Fed. R. Civ. P. 65(b)(1)(A). So he has not "clearly show[n] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.*; *see Planned Parenthood of Ind. v. Comm'r of Ind. State Dept. of Health*, No. 1:11-cv-630-TWP-TAB, 2011 WL 13234836 at *1 (S.D. Ind. May 11, 2011) (denying a temporary restraining order and setting a preliminary injunction hearing because Defendants had "not yet had a full opportunity to respond in writing or provide any briefing on the legal issues that are before the Court").

For these reasons, Mr. Wirtz has not met the exacting standard for a temporary restraining order, and his motion for a temporary restraining order is **DENIED**. Dkt. [7]. The parties are **ORDERED** to meet with Magistrate Judge Baker to determine if discovery is required and to create an expedited briefing schedule. A hearing on the motion for a preliminary injunction will be set by separate order. Mr. Wirtz's attorney **IS FURTHER ORDERED** to provide prompt notice of this order and his motion for injunctive relief to the United States Attorney for the Southern District of Indiana.

**SO ORDERED.**

Date: 2/5/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

John Joseph Coomes
johncoomes@coomeslaw.com

United States Attorney's Office
Southern District of Indiana
10 W. Market St., Suite 2100
Indianapolis, IN 46204

Secretary of the Department of Transportation
1200 New Jersey Ave, SE
Washington, DC 20590

Administrator of the Federal Aviation Administration
800 Independence Ave., S.W.
Washington, DC 20591

Dr. Joye Holmes
Regional Flight Surgeon
2300 East Devon Av.
Des Plaines, IL 60018-4686